IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KaCHNADRA ROBINSON
Plaintiff

VS.                                                     Case: _____

CITY OF HOUSTON,                                        JURY DEMAND
Sherriff JOESPH CULP,
and Sherriff H. BLAKE
Defendant.

## COMPLAINT AT LAW

NOW COMES, KaCHNADRA ROBINSON ("Plaintiff"), by and through herself, in a 1983 complaint Plaintiff states and alleges as follows:

### INTRODUCTION

This is an action for civil damages brought pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction.

Venue in this district is proper because the facts which give rise to the claims asserted herein occurred in Houston Texas.

Pro se Plaintiff KaCHNADRA ROBINSON is an African American female who is a resident of Houston Texas.

Defendants, Harris County Sherriff JOESPH CULP and H. BLAKE ("Defendant-Sherriff's") were at all times material hereto, duly appointed Harris County Sherriff's employed by the Houston Police Department, Texas, acting in the capacity of sworn law enforcement officials and therefore acting under color of law.

The Defendants are sued in their individual compacities.

The Defendant, CITY OF HOUSTON, at all relevant times, were the employers and supervisors of Defendant-Sherriff Officers JOSEPH CULP and H-BLAKE.

## FACTS

1. On July 19, 2019, as Plaintiff KaCHNADRA ROBINSON drove on the 59 north freeway in Houston Texas she began to have car trouble.
2. Plaintiff through on her hazards, exited off the freeway onto Little York street and drove approximately twenty feet from a McDonalds driveway.
3. Plaintiff's car died completely.
4. A good Samaritan pulled over and tried to give Plaintiff a jump. Plaintiff's car started for a moment then cut off.
5. Plaintiff called a tow truck driver who stated that they would come but were about 15 minutes away.
6. Plaintiff sat in her car on her cell Phone as she waited for the Tow truck.
7. Defendant-Sherriff JOSEPH CULP pulled behind Plaintiff, got out and approach Plaintiff's car.
8. Plaintiff exited her viechle and Defendant-Sheriff JOSEPH CULP asked her how she was doing and what was the problem.
9. Plaintiff told Defendant-Sherriff JOSEPH CULP what was going on with her car, and that she didn't need any help because it was on the way.
10. Defendant-Sherriff JOSEPH CULP replied okay and walked back to his squad car.
11. Five minutes later a Tow truck pulls up, but it's not the one that Plaintiff called.
12. Defendant-Sherriff JOSEPH CULP had taken it upon himself to call a Tow truck after Plaintiff had told him she didn't need any help and that the Tow truck she called was on the way.
13. Defendant-Sherriff JOSEPH CULP told Plaintiff that he was having her car Towed and it would be at the storage lot and cost her a $185 to get out.
14. Plaintiff stated that she already told him that she didn't need his help and that the Tow truck she called was on the way.
15. Defendant responded by pulling Plaintiff left arm behind her and to the side of the car as she sat in the car.
16. Defendant-Sherriff JOSEPH CULP bent Plaintiffs arm causing extreme pain.
17. Defendant-Sherriff JOSEPH CULP Pulled Plaintiff from the viechle, arrested her, and said she was being detained.
18. Defendant-Sherriff JOSEPH CULP kept saying that Plaintiff was being detained as he cuffed her so tight that it broke her skin and caused her to lose feeling of her fingers.
19. Plaintiff was put in the back of squad car.
20. Plaintiff's Tow truck that she called came but was told by Defendants Tow truck that they had control of the situation.
21. Plaintiff was driven to Papa Bar-B-q parking lot, adjacent to McDonalds.
22. At Papa-Bar-B-q Parking lot, Female Defendant-Sherriff H-BLAKE pulled up, got out and searched Plaintiff's person.
23. Defendant-Sherriff H-BLAKE searched Plaintiffs car.
24. Plaintiff didn't have anything illegal on her person or in her viechle.
25. Plaintiff was taken to Jail and charged with Interference with a public service.

Plaintiff KaCHNADRA ROBINSON never asked for the Public service and had told Sherriff's that her Tow truck was on the way. Plaintiff's tow truck arrived but was told that city Tow was taking control of her viechle.

Instead of Defendant-Sherriff's operating like public servants; they operated like abusive power tyrants. Plaintiff had an expectation to feel safe and helped when encountering law enforcement.

Plaintiff suffered a bruised wrist, cuts on wrist, bruised arm, and can't feel fingers in left hand (nerve damage). As of today, Plaintiff still does not have full feeling back in left hand.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

Plaintiffs reallege paragraphs 1 through 25 as if fully set forth herein.

After Defendant-Sherriff's JOSEPH CULP and H-BLAKE approached/grabbed the Plaintiff on the passenger side of vehicle, she was not free to leave.

Defendant- Sherriff's JOSEPH CULP and H-BLAKE seized the Plaintiff.

Defendant- Sherriff's JOSEPH CULP and H-BLAKE did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was involved in criminal activity at the time.

Defendant- Sherriff's JOSEPH CULP and H-BLAKE did not have any legal justification to seize Plaintiff.

The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Sherriff's JOSEPH CULP and H-BLAKE
b) Award Plaintiffs compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT 2
### (42 U.S.C. 1983-Unreasonable Search of Person and Vehicle)

Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

Defendant-Sherriff's did not have any legal justification to search Plaintiffs' vehicle.

Searching Plaintiff and vehicle without probable cause or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHERFORE, Plaintiff ask that this Honorable Court:

    a) Enter judgement against Defendant- Sherriff's JOSEPH CULP and H-BLAKE.
    b) Award Plaintiff compensatory and punitive damages,
    c) Award attorney's fees and cost, and
    d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT 3
### (42 U.S.C. 1983-False Arrest)

Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

Defendant-Sherriff's JOSEPH CULP and H-BLAKE placed Plaintiff under arrest.

After Defendants removed Plaintiff from the vehicle and placed her in handcuffs, Plaintiff was under arrest and not free to leave.

Defendants did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

The arrest of Plaintiff without any legal justification or probable cause violated her constitutional rights to be free from false arrest.

    WHEREFORE, Plaintiff ask that this Honorable Court:

        a) Enter judgement against Defendant- Sherriff's JOSEPH CULP and H-BLAKE
        b) Award Plaintiff compensatory and punitive damages,
        c) Award attorney's fees and cost, and
        d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT 4
### (42 U.S.C. 1983-Excessive Force)

Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

Defendant-Sherriff's JOSEPH CULP and H-BLAKE violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

Plaintiff's arm was bent and bruised, wrist was cut by extremely tight hand cuffs, and as of today, Plaintiff still does not have full feeling back in left hand fingers, possible permanent nerve damage.

    WHEREFORE, Plaintiff ask that this Honorable Court:

        a) Enter judgement against Defendant- Sherriff's JOSEPH CULP and H-BLAKE.
        b) Award Plaintiff compensatory and punitive damages,

   c) Award attorney's fees and cost, and
   d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT 5
### (42 U.S.C. 1983-*Monell* Claim against CITY OF HOUSTON)

Plaintiff realleged all the above paragraphs and counts, as if fully set forth herein.

At all times material to this complaint, there existed in the City of Houston the following practices, policies and customs:

   a) Improper training of Police officers,
   b) Failure to adequately supervise and discipline Houston police officers in the categories and fields of police work addressed above.

   The actions of Defendant-Sherriff's JOSEPH CULP and H-BLAKE as alleged in this Complaint were done pursuant to, and as a result of, one or more of the *de facto* practices, polices and customs of CITY OF HOUSTON, the Houston police department, and its police officers.

   **The HPD has a long history of questionable shootings, police brutality, and racial insensitivity.** On Sept. 10, 2011, David Braxton Scherz Jr., 26, was stopped outside his home by Harris County Deputy Precinct 4 Constables who alleged that he ran a stop sign. Patrol car footage showed Schderz being kicked by one deputy as another held him down.

   **The *Houston Chronicle* on April 29, 2010 A video surfaced which reportedly showed a 15-year-old burglary suspect getting out of a car and fleeing from pursuing officers. A patrol car strikes the black teenager who then lies flat on the ground. An African-American officer runs up and kicks the defenseless suspect in the face. At that point the suspect was handcuffed and a group of other officers began punching and hitting him.**

   **On December 31, 2017, Houston Police officer Ken Neely used excessive force when arresting 49 year old Russell Lawrence Ziemba. What Ziemba was arrested for was thrown out.**

   The Houston Police Department (HPD) is the largest law-enforcement agency in Texas. It employs more than 5,000 officers and is the 5th largest police department in the U.S. It also has a particularly poor record for brutality incidents. In 2010, for example, there were 239 complaints laid against members of the force by citizens

One, or more of the following entities, authorities and officials are responsible for the polices, practices and customs alleged above: The Mayor of Houston, the City Council, and the Houston police Department (to whom CITY OF HOUSTON has delegated *de facto* final policy-making authority for the Houston Police Department regarding the matters complained of herein.

The practices, polices and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF HOUSTON.

The municipal policy-makers of the CITY OF HOUSTON acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices and customs delineated above.

By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff ask that this Honorable Court:
a) Enter judgement against Defendant CITY OF HOUSTON.
b) Award Plaintiff compensatory damages.
c) Award any attorneys' fees and cost, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT 6
### (State Law *Respondeat Superior* Claim)

The acts of the Defendants-Sherriff's described in the above state-law claims for malicious prosecution were willful and wanton and committed in the scope of employment.

Pursuant to *respondeat superior*, Defendant CITY OF HOUSTON is Liable for its agents' actions.

WHEREFORE, Plaintiff demands judgement against Defendant CITY OF HOUSTON, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT 7
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

The acts of the Defendants-Sherriff's described in the above claims were willful and wanton, and committed in the scope of employment.

Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF HOUSTON is liable for any judgements for compensatory damages in this case arising from the Defendant-Sherriffs' actions.

WHEREFORE, Plaintiff ask that this Honorable Court order Defendant CITY OF HOUSTON to indemnify the Defendant-Officers for any judgement for compensatory damages in this case arising from their actions.

Respectfully submitted
KaCHNADRA ROBINSON
811 N. Vista Dr.
Houston, Tx 77073